UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TRACY SULLIVAN HALL,

        Plaintiff,

V.

                                            CASE NO. 8:14-CV-00802-EAK-EAJ

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on Plaintiff's Motion to Remand (Doc. 5), and Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc. 7). For reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

### PROCEDURAL HISTORY

Plaintiff, Tracy Sullivan Hall ("Plaintiff"), filed her complaint (Doc. 2) against State Farm Mutual Automobile Insurance Company ("Defendant") in Pinellas County Circuit Court on March 13, 2014 seeking to recover damages in excess of $15,000.00 and alleging insurance bad faith. These claims arose out of an automobile accident involving Plaintiff and an uninsured motorist. On April 4, 2014, the case was removed to federal court (Doc. 1) on the basis of diversity jurisdiction. On April 17, 2014, Plaintiff filed a Motion to Remand to State Court (Doc. 5), and Defendant filed a Motion to Dismiss (Doc. 4). On April 25, 2014, Defendant filed a

Response in Opposition to Plaintiff's Motion to Remand (Doc. 7), and on May 8, 2014, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. 11).

## STANDARD OF REVIEW

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For the Court to have original jurisdiction over this claim, there must be complete diversity between the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). The parties do not dispute complete diversity between the parties; the issue is whether the amount in controversy exceeds $75,000.00. As the party seeking removal, Defendant bears the burden of establishing jurisdiction. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Solution, Inc., v. Nat. Crime Ins. Bureau*, 612 F.Supp.2d 1232, 1234 (M.D. Fla. 2009).

## DISCUSSION

Plaintiff moves to remand because Defendant's Notice of Removal (Doc. 1) fails to establish that the amount in controversy exceeds the $75,000.00 jurisdictional requirement and that therefore, this Court lacks subject matter jurisdiction.

Defendant's Notice of Removal argues that the amount in controversy is $300,000.00 and, therefore, exceeds the jurisdictional requirement, relying exclusively on the Plaintiff's pre-suit demand letter, dated December 27, 2013 (Doc. 1-2). Defendant asserts that the binding law

permits proof of the amount of controversy by use of a demand letter submitted by the plaintiff (Doc. 7). To support this claim, Defendant relies on *AAA Abachman Enter., Inc. v. Stanley Steemer Intern., Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008). However, Defendant confuses the facts of the case.

In *Abachman,* the plaintiff's complaint alleged that "'[h]undreds of thousands of dollars have been paid . . . in reliance upon the exclusive license.'" *Id*. at 866 (brackets and ellipsis in original). The complaint was supplemented by the plaintiff's demand letter, which stated the plaintiff would suffer "'potentially millions of dollars of damages.'" *Id*. Although the defendant also relied on the plaintiff's demand letter, the defendant in *Ahachman* would have been able to establish the amount in controversy from the face of the plaintiff's complaint alone.

*Abachman* is distinguished from the present case because Plaintiff's Complaint alleges damages in excess of $15,000.00 only, and, while the pre-suit demand letter seeks Plaintiff's policy limits of $300,000.00, it does not allege specific damages. Furthermore, Defendant's response to Plaintiff's pre-suit demand letter extends an offer of $12,500.00 for Plaintiff's injury claim (Doc. 5-1), well below the jurisdictional requirement of $75,000.00.

Plaintiff directs the Court to *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218 (M.D. Fla. July 21, 2010). In *Piazza*, the defendant relied entirely on the plaintiff's pre-suit demand letter seeking a $225,000.00 settlement to establish that the amount in controversy exceeded $75,000.00 despite the fact that the plaintiff's complaint sought damages in excess of $15,000.00. *Id*. This Court remanded the case, holding that the defendant had failed to establish that the amount in controversy exceeded the $75,000 jurisdictional requirement. *Id*.

The Eleventh Circuit Court of Appeals has previously stated, "A settlement offer is relevant but not determinative of the amount in controversy." *Id*. (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1995). "Furthermore, a settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff." *Id*. (citing *Standridge v. Wal-Mart Stores, Inc.*, 945 F.Supp. 252, 256–57 (N.D. Ga. 1996)). In the present case, Defendant provides only a two and a half month-old demand letter to establish that the amount in controversy exceeds $75,000.00. This demand letter may very well be an accurate representation of Plaintiff's actual damages, however the settlement demand is not determinative, and "[t]he defendant and the court may not speculate about the amount in controversy." *Sibilia v. Makita Corp.*, 674 F.Supp.2d 1290, 1292 (M.D. Fla. 2009). Without more, resolving all doubts about jurisdiction in favor of remand and employing a presumption in favor of remand to state courts, Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional requirement.

Defendant has asked the Court that if it is inclined to grant Plaintiff's Motion to Remand, to reserve the ruling in order to allow the Defendant an opportunity to take discovery (Doc. 7). However, "[t]hough a defendant in a diversity case . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007). Furthermore, "[t]he court should not reserve a ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction." *Id*.

After consideration, the Court grants Plaintiff's Motion to Remand; Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Because this Court is thereby without jurisdiction, we do not have the authority to consider Defendant's Motion to Dismiss. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Remand is **GRANTED**. The Clerk of Court is directed to remand this case to state court, to close the file and to terminate any pending motions

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of July, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record